# In the United States Court of Federal Claims

No. 20-1045C
(Filed: July 15, 2021)

```
*************************************
LOUIS DIOR AMIR,                    *
                                    *
            Plaintiff,              *
                                    *   Pro Se Prisoner Claim; Collateral Attack
v.                                  *   on Bankruptcy Court Judgment; RCFC
                                    *   12(b)(1); Antifiling Injunction
THE UNITED STATES,                  *
                                    *
            Defendant.              *
*************************************
```

Louis Dior Amir, Ashland, KY, pro se.

Jimmy S. McBirney, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Senior Judge

      Plaintiff Louis Dior Amir, a prisoner in a federal corrections facility proceeding pro se, asserts various claims related to bankruptcy proceedings that resulted in the sale of his residence. Mr. Amir seeks to proceed in forma pauperis. Defendant moves, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), to dismiss Mr. Amir's complaint for lack of jurisdiction. For the reasons set forth below, the court grants Mr. Amir's application to proceed in forma pauperis, grants defendant's motion to dismiss, and enjoins the filing of any additional complaints by Mr. Amir absent prior authorization of the chief judge.

## I. BACKGROUND

      Mr. Amir is a frequent litigant in federal courts.[1] See, e.g., In re Amir, 136 S. Ct. 1726

---

[1] The court derives much of this background information from the complaint and its appendix of exhibits. Page references to these materials are provided by the court's electronic filing system. The court also relies on public records such as federal court dockets. See, e.g., Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985) (stating that when "deciding . . . a Rule 12(b)(1) motion, the court can consider, as it did in this case, evidentiary matters outside the pleadings"); Floyd v. United States, 125 Fed. Cl. 183, 190 n.3 (2016) (noting that Federal Rule of Evidence 201 permits the court to take judicial notice of matters of public record). The court makes no findings of fact in this opinion.

(2016) (mem.) (denying petition for writ of habeas corpus); United States v. Amir, 644 F. App'x 398 (6th Cir. 2016) (affirming criminal conviction); Amir v. Barr, No. 20-CV-0306, 2020 WL 1529727 (N.D.N.Y. Mar. 31, 2020) (denying petition for writ of habeas corpus for lack of jurisdiction). In this court alone, he has filed five complaints, in case numbers 16-870, 20-1012, 20-1045 (the instant matter), 20-1084, and 21-1283.

In the complaint now before the court, Mr. Amir's allegations of fact concern the sale of his home and the loss of his possessions during bankruptcy proceedings. Mr. Amir's claims can generally be classified as challenges to the legitimacy of the disposition of his property. See Compl. 1 (stating that Mr. Amir "has been deprived of his personal property under the color of legal authority in violation of [title 11 of the United States Code] by [a] United States Bankruptcy Judge").

On October 11, 2011, the United States Bankruptcy Court for the Northern District of Ohio ("bankruptcy court") granted permission to close the sale of Mr. Amir's house. See Compl. App. 88-90. Mr. Amir later filed suit in state court to contest the sale of his home and the loss of his household possessions. Id. at 2-82. That suit was dismissed on August 23, 2012, for the following reasons:

> The court finds that it does not have jurisdiction over the defendants or the subject matter of the complaint as the bankruptcy court retains sole jurisdiction as to the pending bankruptcy estate. Moreover, the plaintiff did not get leave of the bankruptcy court to sue the bankruptcy trustee in violation of the Barton doctrine. See Barton v. Barbour, 104 U.S. 126, 129 (1881). In addition, plaintiff's claims are barred by the issue of res judicata and collateral estoppel.

Id. at 92.

Here, Mr. Amir's claims again concern the "liquidation of the Plaintiff's residence and personal property." Compl. 1. According to Mr. Amir, the bankruptcy trustee "deprive[d] the Plaintiff of his residence located [in] Gates Mills, Ohio and all of the Plaintiff's personal property located within said residence." Id. at 2. In sum, Mr. Amir requests that this court "hold unlawful and set aside all [bankruptcy court] orders of liquidation of the Plaintiff's residence and personal property." Id. at 3.

The court discerns in the complaint four principal legal theories. First, Mr. Amir alleges that the bankruptcy court violated eight bankruptcy statutes: 11 U.S.C. §§ 109, 157, 315, 341, 521, 541, 1408, 1409. Compl. 1. Next, Mr. Amir asserts that the bankruptcy court denied him due process of the law, violating the Fifth Amendment to the United States Constitution. Id. Third, Mr. Amir argues that the bankruptcy court violated two statutory provisions within the Administrative Procedure Act ("APA"): 5 U.S.C. §§ 556-557. Compl. 1. Fourth, Mr. Amir states that the bankruptcy trustee violated the Fourth, Fifth, and Ninth Amendments to the United States Constitution because he "exercised exclusive federal statutes against the Plaintiff outside of the ten mile square of the District of Columbia to deprive the Plaintiff of his personal property." Id. at 2.

As noted above, Mr. Amir asks this court to invalidate and set aside the bankruptcy court's orders. Mr. Amir also "DEMANDS COMPENSATION in the form of a SETOFF." Id. at 3. Finally, Mr. Amir requests that the court

> order the immediate return of the Plaintiff's residence located at . . . Gates Mills, Ohio . . . by determining all sales of Plaintiff's residence and personal property w[ere] not in accordance with the law, and further order the replacement of all personal items sold at today's replacement value as if the items were purchase[d] new which includes all motor vehicles sold, all furniture sold, all appliances sold, all electronics sold, all jewelry sold, all clothing sold, all artwork sold, and including repairs to all damage suffered to the residence by all owners after the unlawful sale from the Plaintiff's ownership and occupancy . . . .

Id.

After defendant filed its motion to dismiss the complaint for lack of subject matter jurisdiction, the court denied Mr. Amir's first motion for summary judgment and stayed briefing of his second motion for summary judgment.[2] The court deemed that second motion to be a response to the motion to dismiss, and defendant subsequently filed a reply. The court deemed oral argument unnecessary; defendant's motion is ripe for adjudication.

## II. STANDARDS OF REVIEW

### A. Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, the "leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of evidence, that the court possesses jurisdiction. See Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

### B. Motion to Dismiss Under RCFC 12(b)(1)

---

[2] Mr. Amir objected to the stay of his second motion for summary judgment. However, the question of jurisdiction is a threshold matter that must precede the court's consideration of the merits of a plaintiff's claims. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998).

-3-

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). When considering whether to dismiss a complaint for lack of jurisdiction pursuant to RCFC 12(b)(1), the court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

To determine whether it has jurisdiction, the court discerns the true nature of the claims in the complaint and is not constrained by the plaintiff's characterization of those claims. Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994). If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

## III. DISCUSSION

### A. Impermissible Collateral Attack on the Bankruptcy Court's Rulings

The complaint presents a collateral attack on the actions taken by the bankruptcy court. It is well established in the precedent of the United States Court of Appeals for the Federal Circuit ("Federal Circuit") that this court cannot entertain suits that seek to overturn the decisions of a bankruptcy court. E.g., Campbell v. United States, 932 F.3d 1331, 1340 (Fed. Cir. 2019), cert. denied, 141 S. Ct. 444 (2020) (mem.); Allustiarte v. United States, 256 F.3d 1349, 1351-52 (Fed. Cir. 2001). As stated in those decisions, this court cannot "scrutinize the actions of the bankruptcy trustees and courts." Campbell, 932 F.3d at 1340 (quoting Allustiarte, 256 F.3d at 1352). Because the claims in Mr. Amir's complaint are, by their nature, a collateral attack on the rulings of the bankruptcy court and the actions of the bankruptcy trustee, Mr. Amir's suit must be dismissed for lack of subject matter jurisdiction. See Allustiarte, 256 F.3d at 1351-53 (holding that the orderly process of law requires that challenges to the actions of a bankruptcy court or

trustee be raised in an appeal to the appropriate federal district court, not in a suit filed in this court).

### B. With One Exception, None of the Sources of Law Referenced in the Complaint Is Money-Mandating

Mr. Amir also fails, except in one instance, to identify a money-mandating source of law that supports Tucker Act jurisdiction for his claims. First, claims arising within title 11 of the United States Code are within the exclusive jurisdiction of the federal district courts, not this court. 28 U.S.C. § 1334; see also Blodgett v. United States, 146 Fed. Cl. 104, 108 (2018) (stating that this court has no jurisdiction over claims arising under title 11), aff'd, 792 F. App'x 921 (Fed. Cir. 2019). Second, the Due Process Clause of the Fifth Amendment is not money-mandating so as to provide Tucker Act jurisdiction in this court. Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir. 2013). Third, this court has no jurisdiction over claims arising under provisions of the APA, such as 5 U.S.C. §§ 556-557. See, e.g., Martinez v. United States, 333 F.3d 1295, 1313 (en banc) (stating that "the Court of Federal Claims lacks APA jurisdiction" (citing Murphy v. United States, 993 F.2d 871, 874 (Fed. Cir. 1993))). Finally, neither the Fourth Amendment nor the Ninth Amendment is money-mandating for the purpose of establishing Tucker Act jurisdiction. E.g., Brown v. United States, 105 F.3d 621, 623-24 (Fed. Cir. 1997) (Fourth Amendment not money-mandating); Fry v. United States, 72 Fed. Cl. 500, 507-08 (2006) (Ninth Amendment not money-mandating). Thus, even if Mr. Amir's collateral attack on the bankruptcy court's actions was not barred by the jurisdictional holdings in Campbell and Allustiarte, all of the sources of law upon which he relies, except one, are not money-mandating and thus fail to support jurisdiction under the Tucker Act.

In his complaint, Mr. Amir also generally references the Fifth Amendment, without specification as to how his rights under the Fifth Amendment were allegedly violated by the bankruptcy trustee. Compl. 2. Mr. Amir asserts, further, that he was "deprived of his personal property." Id. at 1. Because Mr. Amir is proceeding pro se, the court liberally construes the complaint to include a takings claim founded on the Takings Clause of the Fifth Amendment.[3]

Claims brought under the Takings Clause of the Fifth Amendment are normally within this court's jurisdiction.[4] See, e.g., Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1309 (Fed. Cir. 2008) ("It is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source for purposes of Tucker Act jurisdiction."). However, when a takings claim is

---

[3] Defendant did not address the Takings Clause of the Fifth Amendment in its motion or reply.

[4] In order to maintain a Fifth Amendment takings claim against the United States, a plaintiff must concede the validity of the government action. Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 802-03 (Fed. Cir. 1993). Here, however, Mr. Amir challenges the legality of the actions of the bankruptcy court and the bankruptcy trustee. Accordingly, he has not stated a claim for just compensation against the United States.

founded on the actions of a bankruptcy court judge or bankruptcy trustee, the claim must be dismissed for lack of jurisdiction. See, e.g., Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (stating that "the Court of Federal Claims cannot entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal" (quoting Allustiarte, 256 F.3d at 1352)). This court is bound by the Federal Circuit's decisions in Allustiarte and Campbell, both of which clearly state that a takings claim founded on the acts of a bankruptcy court or bankruptcy trustee, like the one asserted by Mr. Amir, is not within this court's jurisdiction. Because all of the sources of law cited by Mr. Amir fail to support jurisdiction in this court, his complaint must be dismissed for lack of jurisdiction.

### C. Mr. Amir's Claims Are Time-Barred

Finally, because Mr. Amir's claims are founded on actions taken by the bankruptcy court and trustee more than six years ago, they must also be dismissed as untimely.[5] "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This time limit is jurisdictional. Campbell, 932 F.3d at 1337 (citing John R. Sand & Gravel Co. v. United States, 552 U.S. 130 (2008)).

On October 11, 2011, the bankruptcy court granted the trustee's motion to close the sale of Mr. Amir's house. Compl. App. 88-90. As shown by the bankruptcy court's docket, on October 26, 2011, the trustee filed a motion to abandon and dispose of the personal property in the house, consisting of clothing and documents. In re Amir, No. 08-13700 (Bankr. N.D. Ohio filed May 16, 2008). On November 1, 2011, the trustee filed a report of the sale of the house. Id. On November 23, 2011, the bankruptcy court granted the trustee's motion to abandon and dispose of the personal property in the house. Id. Mr. Amir filed an appeal of the bankruptcy court's approval of the sale of his house on December 30, 2011. Id. That appeal was dismissed on May 17, 2013. Id. The bankruptcy court closed the bankruptcy estate on March 5, 2014. Id. All of these events occurred more than six years before Mr. Amir filed his complaint in this court on August 17, 2020. Even if the court had jurisdiction over Mr. Amir's collateral attack on the actions of the bankruptcy court and the bankruptcy trustee, which it does not, the claims in the complaint are untimely and must be dismissed pursuant to the statute of limitations established by 28 U.S.C. § 2501.[6]

### IV. APPLICATION TO PROCEED IN FORMA PAUPERIS

---

[5] The court raises the timeliness issue sua sponte. Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) ("A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt.").

[6] Transfer of the complaint to another federal court would not be in the interest of justice, 28 U.S.C. § 1631, because, to the court's knowledge, there is no forum for Mr. Amir's collateral attack on the disposition of a bankruptcy estate that was closed more than six years ago.

As noted above, Mr. Amir filed, concurrent with his complaint, an application to proceed in forma pauperis. Courts of the United States are permitted to waive the prepayment or payment of filing fees and security under certain circumstances.[7] 28 U.S.C. § 1915(a)(1). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. Id. Further, prisoners must file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Id. § 1915(a)(2).

Mr. Amir has substantially satisfied the requirements set forth in 28 U.S.C. § 1915(a). The court therefore grants his application to proceed in forma pauperis and waives his prepayment of the filing fee.

## V. CONCLUSION

There is no jurisdiction in this court for the claims stated by Mr. Amir in his complaint. Consequently, the court **GRANTS** defendant's motion to dismiss, **DENIES** plaintiff's second motion for summary judgment as moot, and **DISMISSES WITHOUT PREJUDICE** the claims in the complaint for lack of subject matter jurisdiction.

As for the filing fee that is due and owing for having brought this lawsuit, the court **GRANTS** Mr. Amir's application to proceed in forma pauperis. Notwithstanding the court's waiver of the prepayment of the filing fee, prisoners seeking to proceed in forma pauperis are required to pay, over time, the filing fee in full. 28 U.S.C. § 1915(b). Thus, Mr. Amir shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. See id. § 1915(b)(1). Thereafter, Mr. Amir shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. See id. § 1915(b)(2). The agency having custody of Mr. Amir shall forward payments from his account to the clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full. See id.

No costs are awarded. The clerk is directed to enter judgment accordingly.

---

[7] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28 of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915).

Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith because, as alleged, Mr. Amir's claims are clearly beyond the subject matter jurisdiction of this court.

Finally, the court notes that Mr. Amir has now filed five suits in this court, all of which have been dismissed without reaching the merits of his claims, and all of which have been focused either on his criminal conviction or his bankruptcy. To prevent unnecessary expenditures of judicial resources, Mr. Amir is immediately **ENJOINED** from filing any new complaints with this court without an order from the chief judge of the court granting leave to file a complaint.

If Mr. Amir seeks to file a new complaint, he shall first submit a "Motion for Leave to File" that explains how the new complaint involves new matters not previously raised in this court. Any such motion must include as an attachment a full complaint that meets all of the requirements of RCFC 8.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Senior Judge