# In the United States Court of Federal Claims

No. 20-1045C

(Filed: September 16, 2021)

```
*************************************
LOUIS DIOR AMIR,                    *
                                    *
            Plaintiff,              *
                                    *
v.                                  *       Pro Se Plaintiff; Motion for
                                    *       Reconsideration
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
*************************************
```

Louis Dior Amir, Ashland, KY, pro se.

Jimmy S. McBirney, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Senior Judge

Plaintiff Louis Dior Amir, a prisoner in a federal corrections facility proceeding pro se, objects to the court's dismissal of his claims. The court deems his "Objection and Formal Exception," filed August 9, 2021, to be a motion for reconsideration under Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC").[1] For the reasons set forth below, the court denies Mr. Amir's motion.

**I. BACKGROUND**

On July 15, 2021, the court dismissed the complaint in this case because the true nature of Mr. Amir's claims is a collateral attack on actions taken by a bankruptcy judge and bankruptcy trustee. Amir v. United States, No. 20-1045C, 2021 WL 2974482, at *3 (Fed. Cl. July 15, 2021). The court further held that Mr. Amir had failed to identify any money-mandating sources of law for his claims, except for the Takings Clause of the Fifth Amendment to the United States Constitution. Id. at *4. However, there is no jurisdiction in this court for a takings claim that challenges the actions of a bankruptcy court. Id. Finally, the court noted that even if

---

[1] Although Mr. Amir references RCFC 46, that rule typically addresses the raising of objections during trial proceedings and has no applicability here. See, e.g., S. Star Cent. Gas Pipeline, Inc. v. Cline, 754 F. Supp. 2d 1257, 1267 (D. Kan. 2010) (noting that a Rule 46 motion cannot be used to request reconsideration of a court order disposing of a case).

Mr. Amir's claims were within this court's jurisdiction, which they are not, they are time-barred since all of the actions taken by the bankruptcy court occurred more than six years before Mr. Amir filed his complaint on August 17, 2020. Id. at *4-5. Mr. Amir asserts that this court erred when it dismissed his claims.[2]

## II. STANDARD OF REVIEW

A motion for reconsideration under RCFC 59 is a request for extraordinary relief and is not to be used by a dissatisfied party to relitigate the case. See Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004); Four Rivers Invs., Inc. v. United States, 78 Fed. Cl. 662, 664 (2007); Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd per curiam, 250 F.3d 762 (Fed. Cir. 2000) (table). Consequently, such a motion "does not provide an occasion for a party 'to raise arguments that it could have raised previously, but did not'" or to "reassert arguments that the Court already has considered." Four Rivers Invs., Inc., 78 Fed. Cl. at 664 (quoting Browning Ferris Indus., Inc. & Subsidiaries v. United States, No. 05-738T, 2007 WL 1412087, at *1 (Fed. Cl. May 10, 2007)). However, the court may grant a motion for reconsideration "when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Nat. Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990); accord Biery, 818 F.3d at 711.

## III. DISCUSSION

Mr. Amir's motion is replete with legal citations and repeated assertions of his rights under the United States Constitution and various federal statutes. The court has considered all of his arguments and will address the principal points that may be discerned in the motion.

Mr. Amir's first objection to the court's opinion regards a reference to an appeal of his criminal conviction. When describing Mr. Amir's extensive litigation history, the court mentioned the affirmance of his criminal conviction by the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"). Amir, 2021 WL 2974482, at *1. Mr. Amir now contends that the affirmance by the Sixth Circuit was unlawful and has no effect. Pl.'s Mot. 2. However, the court did not rely on the lawfulness of the Sixth Circuit's ruling to determine its jurisdiction over the case at bar. That ruling was only mentioned to provide an example of Mr. Amir's many proceedings in federal courts.

Any argument regarding the lawfulness of the Sixth Circuit's affirmance of Mr. Amir's criminal conviction is irrelevant to the question of the whether the court erred in dismissing Mr. Amir's suit. Even if there was a factual error regarding the appeal decided by the Sixth Circuit,

---

[2] The court did not direct defendant to file a response to Mr. Amir's motion for reconsideration.

this court's jurisdictional inquiry rests on other grounds.  Therefore, Mr. Amir's discussion of the Sixth Circuit's ruling fails to establish any error or injustice that requires reconsideration of this court's dismissal of his suit.

Another topic in Mr. Amir's motion concerns alleged flaws in the bankruptcy court proceedings.  Mr. Amir contends that the bankruptcy judge and bankruptcy trustee violated various laws and infringed upon his constitutional rights.  Id. at 3-6, 8-9.  But, as the court explained in its opinion, "this court cannot entertain suits that seek to overturn the decisions of a bankruptcy court."  Amir, 2021 WL 2974482, at *3 (citing Campbell v. United States, 932 F.3d 1331, 1340 (Fed. Cir. 2019), cert. denied, 141 S. Ct. 444 (2020) (mem.); Allustiarte v. United States, 256 F.3d 1349, 1351-52 (Fed. Cir. 2001)).  This court has no jurisdiction to consider the allegations that Mr. Amir presents in his complaint, and again in his motion for reconsideration, regarding the alleged flaws in the proceedings before the bankruptcy court.  Indeed, Mr. Amir presented essentially the same arguments when he opposed defendant's motion to dismiss.  A motion for reconsideration cannot be used to present arguments that the court previously rejected.  Mr. Amir's motion does not justify the extraordinary relief of reconsideration.

Mr. Amir also suggests that this court is required to vindicate his rights to the property that was dispersed by the bankruptcy court.  His contentions in this regard are not easy to follow, but it is perhaps Mr. Amir's position that his claims based on the Fifth Amendment and other legal authorities are cognizable in this forum notwithstanding the jurisdictional limits identified in the court's opinion.  The title of his motion is the most succinct expression of his legal position: "The plaintiff's 5th Amendment legal guaranteed protections respectively constitut[e] the plaintiff's right to be heard on the merits of his taking claim against the United States and the plaintiff's right to access to and a fair hearing respectively by the United States Court of Federal Claims."  Pl.'s Mot. 1 (capitalization normalized); see id. at 2 (asserting that the court's opinion is "designed to deprive the Plaintiff of his 5th Amendment of the Bill of Rights of the Constitution of the United States' Right to Due Process to have access to the United States Court of Federal Claims and Right to just compensation respectively for In – Fact injuries suffered by the Plaintiff perpetrated by agents of the United States constituting an unlawful Taking of the Plaintiff's private protected property unlawfully Taken for public use"); see also id. at 8 (asserting that "the United States Court of Federal Claims is not subject or limited respectively to Tucker Act jurisdiction money mandating sources of law").

But, as Mr. Amir appears to recognize, jurisdiction must be resolved before this court can reach the merits of his claims.  See id. at 4 (stipulating to the court's finding that "the question of jurisdiction is a threshold matter that must precede the court's consideration of the merits" (quoting Amir, 2021 WL 2974482, at *2 n.2)).  The court explained in its opinion that takings claims founded on the Fifth Amendment are generally within its jurisdiction, but that takings claims founded on the actions of a bankruptcy court are not.  Amir, 2021 WL 2974482, at *4 (citing Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001)).  This court did not err in following precedent that requires the dismissal of claims such as those brought by Mr. Amir in this suit.  No reconsideration is warranted under these circumstances.

Finally, Mr. Amir challenges the court's alternative holding that, even if there were

jurisdiction in this court for his challenge to the bankruptcy court's rulings, which there is not, his claims are time-barred under 28 U.S.C. § 2501. Pl.'s Mot. 6-8. Mr. Amir attacks this holding on a number of fronts. For example, he argues that his claims accrued on July 30, 2019, due to a court filing that occurred on that date. Id. at 6. He also argues that he has been under a "physical disability" related to his incarceration so that tolling of the limitations period should be recognized by the court. Id. at 7. In addition, he asserts that the instant matter is a "lawful continuation" of a prior case he filed in this court in 2016, so that the statute of limitations should not bar his claims. Id.

The court finds all of these arguments to be without merit. The court correctly found that Mr. Amir's collateral attack on the bankruptcy court's actions accrued no later than March 5, 2014, when the bankruptcy estate was closed, and that this suit is time-barred. Amir, 2021 WL 2974482, at *5. In the interests of judicial economy, there is no need to rebut each of Mr. Amir's arguments on the timeliness issue because the alternative holding regarding the statute of limitations is just that—an alternative holding. Because the court correctly determined that it lacks jurisdiction over Mr. Amir's claims, any dispute over its alternative holding regarding the statute of limitations is immaterial. Mr. Amir has not identified any error of fact or law, or manifest injustice, that compels reconsideration of the dismissal of his suit.

## IV. CONCLUSION

Mr. Amir has not identified any reason to reconsider the court's ruling that it lacks jurisdiction over the claims stated in his complaint. Accordingly, his motion for reconsideration is **DENIED**. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith because, as alleged, Mr. Amir's claims are clearly beyond the subject matter jurisdiction of this court. The clerk's office shall **REJECT** any further filings in this case.[3]

**IT IS SO ORDERED.**

_____
MARGARET M. SWEENEY
Senior Judge

---

[3] As this opinion was being prepared for filing, Mr. Amir filed another document on September 13, 2021, docketed as a notice of appeal. To the extent that the notice of appeal could be construed to include a second motion for reconsideration, the court denies the motion as the reasons presented do not justify reconsideration of the dismissal of the complaint.